GEORGE A. GARDNER, trustee, *vs.* FRANCIS SKINNER & others, executors.

Suffolk.   January 21, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Trust.   Deed*, Construction.   *Husband and Wife.   Words*, "Heirs at law."

A gift by deed of settlement to the "heirs at law" of a beneficiary for life will be construed as a gift to the persons who are such heirs at the time of the death of such beneficiary unless a different intent of the settlor is manifest from the terms of the deed.

By an indenture of settlement the settlor gave a fund in trust to be invested in "property real or personal" as the trustee might deem expedient, directing him to pay over "the rents, profits, dividends, interest or income of the trust fund" to a daughter of the settlor during her life, and upon her death, if she should have a husband then living, to pay over said rents, profits, dividends, interest or income during the life of her husband to such person as she should appoint by will or in default of such appointment to her said husband during his life, and upon his death, or upon her death if she should leave no husband, "in trust for her heirs at law." The daughter of the settlor received the income during her life and died in the year 1898, leaving a husband and a son. The fund was invested wholly in personal property. After the death of the husband who was survived by the son, on a bill by the trustee for instructions as to the persons designated by the words "heirs at law" it was

*held,* that the persons designated as the heirs at law of the settlor's daughter were those who at the time of her death would have inherited her real estate had she died intestate, that the fact that the fund was invested wholly in personal property was immaterial, and that the trustee should pay over the proceeds of the trust property to the son, who was the only heir at law of his mother, her husband having no share in her real estate as an heir at law at the time of her death, when Pub. Sts. c. 124, § 1, was in force.

Before January 1, 1902, when St. 1900, c. 450, § 4, took effect,* a surviving husband, if his wife left issue, was not an heir at law of his wife.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 14, 1906, by the trustee under an indenture of trust dated June 8, 1867, between John L. Gardner and his daughter Eliza B. Gardner, afterwards Eliza B. Skinner, as settlors and the plaintiff as trustee, for instructions.

The terms of the trust and the prayers of the bill are stated in the opinion, as also are the material facts. It was alleged in the bill and admitted by the answers that the trust fund at all times had consisted solely of personal property.

The case came on to be heard upon the bill and the answers thereto before *Morton,* J., who reserved it for determination by the full court.

*J. G. Palfrey,* for the trustee.

*R. Gray,* for the defendant Skinner.

*H. J. Coolidge,* for the executors of the will of Francis Skinner, Sr.

*J. Noble, Jr.,* for the executors of the wills of John L. Gardner and of Eliza B. Skinner.

KNOWLTON, C. J. This is a bill for instructions as to the disposition of a trust fund. The plaintiff holds the fund under an indenture which states the trust in these words: "in trust to invest said sum . . . in such property, real or personal, and such securities personal or otherwise as said trustee may deem expedient, and for the benefit of the trust. And in trust to collect, receive and pay over the rents, profits, dividends, interest or income of the trust fund to said Eliza B. Gardner, from time to time, to her own use, upon her separate receipt, and free from the control of any husband during the term of her natural life. And upon her decease, if [she] shall have a husband, then living, in trust to pay over the rents, profits, dividends, interest or income of the fund to such person or persons, to such use or

---

* See St. 1901, c. 461.

uses as she shall appoint, and declare by any writing in the nature of a will during the term of the natural life of her said husband. And in default of any such appointment, then in trust to pay over said rents, profits, dividends, interest or income to her said husband to his own use during the term of his natural life ; and upon his decease, or upon the decease of said Eliza B. Gardner, if she shall leave no husband, in trust for her heirs at law." Eliza B. Gardner married, and on September 22, 1898, she died leaving her husband Francis Skinner, Sr., and a son Francis Skinner, one of the defendants in this case, surviving her. On November 24, 1905, Francis Skinner, Sr., died. The plaintiff asks the court to instruct him whether, under the terms of the trust, the heirs at law are to be determined as of the time of the death of Eliza B. Skinner, or as of the time of the death of Francis Skinner, Sr., whether Francis Skinner, Sr. is included among the heirs at law, and whether the words "heirs at law" are to be interpreted as meaning the persons who would be entitled to take the' real estate of Eliza B. Skinner, or the persons who would be entitled to take her personal estate.

It seems very plain that the heirs of Eliza B. Skinner who are to take in this case are to be determined as of the time of her death. There is nothing in the case to take it out of the general rule that a bequest or devise, to the heirs at law of a testator or of a life tenant, will be construed as referring to those who are such at the decease of the testator, or of the life tenant, unless a different intent is plainly manifested in the will. *Abbott* v. *Bradstreet,* 3 Allen, 587. *Minot* v. *Tappan,* 122 Mass. 535. *Gibbens* v. *Gibbens,* 140 Mass. 102. *Bosworth* v. *Stockbridge,* 189 Mass. 266. There is nothing to indicate a different intent on the part of the settlor, and the heirs at law are those who were such at the time of the decease of Eliza B. Skinner.

The fund was to be invested by the trustee in "property, real or personal," as he might deem expedient, and he was to pay over the "rents, profits, dividends, interest or income," and at the termination of the trust it was to go to the heirs at law of the first life tenant. It was not to be treated as personal property, to be held and finally paid over as such, but as either real estate or personal property, or as in part one and in part the

other. It is immaterial that the trustee has made all his investments in personal property. In determining the meaning of the words "heirs at law" this is to be treated as a mixed fund, which the donor thought as likely to be all real property as all personal property when finally disposed of. It seemed most likely to be in part of one kind and in part of the other. It was not intended that different parts of it should go to different classes of takers. The rule in cases of this kind is that only those who would take the real estate if the ancestor were intestate can be considered heirs at law. *Clarke* v. *Cordis*, 4 Allen, 466, 479, 480. *Fabens* v. *Fabens*, 141 Mass. 395. *Proctor* v. *Clark*, 154 Mass. 45. *Olney* v. *Lovering*, 167 Mass. 446. *Heard* v. *Read*, 169 Mass. 216, 224. *Gray* v. *Whittemore*, 192 Mass. 367.

*Sweet* v. *Dutton*, 109 Mass. 589, relied on by the executors of the will of Francis Skinner, Sr., was questioned in *Merrill* v. *Preston*, 135 Mass. 451, and held to rest on the view taken by the court of the peculiar facts of the case. In *White* v. *Stanfield*, 146 Mass. 424, *Codman* v. *Krell*, 152 Mass. 214, and *Kendall* v. *Gleason*, 152 Mass. 457, the fund was intended to be held and finally disposed of as personal property, and it therefore came under a different rule.

Eliza B. Skinner left a son, who was her only heir at law under the statutes in force at the time of her death ; for her husband could take no share of her real estate. Pub. Sts. c. 124, § 1. It follows that the plaintiff should pay over the proceeds of the trust property to the defendant Francis Skinner.

*So ordered.*