BOSTON SAFE DEPOSIT AND TRUST COMPANY *vs.* MARY F. PARKER & others.

Middlesex.    December 4, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, & RUGG, JJ.

*Devise and Legacy.    Words,* "Heirs at law," "Then."

A testator in successive items in his will made elaborate provisions for different trust funds and directed the trustee in each instance to pay the income to named beneficiaries, who were in some cases children and in some grandchildren, and to their issue, and in each item closed with a clause similar to the following : " But if the said . . . shall die leaving no children nor descendants living at the time of . . . death then to divide and distribute said estate among my heirs at law." *Held,* that the word "then" was not used as an adverb, but as a conjunction, in the sense of "in that case," or "in that event," and that there was no evidence of an intention on the part of the testator that the words "heirs at law" should have any other than their ordinary meaning of those who were heirs of the testator at the time of his death.

An intention on the part of a testator to give to the words "heirs at law" a different meaning from the ordinary one of heirs of the testator at the time of his death is not to be inferred from the fact that, by the other provisions of the will, ample provision was made for those who were the heirs of the testator at the time of his death.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Middlesex, August 12, 1907, by the trustee under the will of Thomas Hastings, for instructions.

By the first item of the will, the testator gave $7,000 and certain personal effects to the testator's widow. By the second item he placed $20,000 in trust, directing that the income be

paid to his widow during her life and that, at her death, the
principal become part of the residue of the estate. By the third
item he gave $2,000 to his daughter Franscena A. Hastings.
By the fourth item he placed $10,000 in trust, and directed
that the income and $5,000 of the principal be paid to his
grandson Walter H. Whitney during his life, with a provision
for the payment of the remainder of the principal to his issue
if he died before he became thirty years of age and left issue.
This item also contains the following language: " But if said
Walter shall die before attaining to the age of thirty years,
leaving no children living at his death, then I request my said
trustees to pay over and distribute . . . among my heirs at law:
but if said Walter shall attain to the age of thirty years and die
afterwards leaving no children nor descendants living at his
death: then I request my trustees to pay over and distribute
. . . among my heirs at law." By the fifth item, the testator
gave certain silverware to three grandchildren, children of a de-
ceased son, T. Nelson Hastings. By the sixth item, he placed
one fourth of the residue of the estate in trust and directed that
the income be paid to his daughter Mary F. Parker during her
life and, after her death, that the principal be paid to her issue,
or, if she left no issue, " then . . . to distribute and divide
among my heirs at law." The seventh item is quoted in the
opinion. By the eighth item, the testator gave all but $5,000
of the third fourth part of the residue to his son Alphonzo W.,
and placed that $5,000 in trust and directed that the income be
paid to that son during his life and that the principal be paid to
his issue after his death, " but if he shall die leaving no children
nor descendants living at his death, then to divide and distribute
the same among my heirs at law." By the ninth and tenth
items, the testator placed the remaining fourth part of the resi-
due in trust and directed that the income be paid over to the
children of his deceased son, T. Nelson, in various proportions,
and in each of these two items was the provision that, if the
life beneficiaries died leaving no issue living, " then to pay over
and distribute," or " then to divide and distribute " " among my
heirs at law."

There was a hearing before *Hammond*, J., who made a decree
directing distribution under the several items among those who

were heirs at law of the testator at the time of his death.   Certain of the defendants appealed.

*W. B. Durant,* for the defendants Mary F. Parker and others.

*W. D. Whitmore, Jr.,* for Emeline N. Hastings and others.

*E. S. Hill & P. S. Maher,* for Hudson B. Hastings and others, filed a brief.

No counsel appeared for the plaintiff.

MORTON, J.   This is a bill in equity by the trustee under the will of one Thomas Hastings for instructions concerning the construction of a clause in said will.   The clause, omitting immaterial portions, is as follows: " Item 7.   I give bequeathe and devise to said Thomas Dana and Lorenzo Massatt . . . the second Fourth part of said remainder and residue of my estate, but in trust nevertheless . . . to pay over the net income and profits thereof to my daughter Franscena A. Hastings . . . for and during the term of her natural life. . . . At the decease of said Franscena A. to distribute and divide said Fourth part among the children of said Franscena or the descendants, of any deceased child . . . living at her death.   But if the said Franscena shall die leaving no children nor descendants living at the time of her death, then to divide and distribute said estate among my heirs at law."   The question is whether the heirs at law are to be ascertained as of the death of the testator or of the life tenant.   The appellants contend that the latter is the true construction.   The single justice ruled in favor of the other construction, and ordered a decree to be entered accordingly.   We think that the ruling and decree were right.

Ordinarily the words " heirs at law " refer to those who were or will be such at the death of the testator or ancestor and not to some later period.   This is the natural import of the words.   But where it is evident that the heirs are to be ascertained as of a later period, due effect will be given to the intention thus expressed, if it can be done consistently with the rules of law.   There are many cases in which it has been held that a later period was meant.   The question in each case is, primarily, one of intention.   And the rules that have been laid down and the cases that have been decided are useful only in so far as they aid the court in ascertaining, and, if possible, in giving effect to, the intention in the particular case before it.   In the present case

we think that the words have their ordinary meaning, and that the case is one where the testator, having "exhausted," as was said in *Whall* v. *Converse*, 146 Mass. 345, "his specific wishes by previous limitations, . . . is content thereafter to let the law take its course." The phrase "among my heirs at law," without anything more, is used by the testator repeatedly in the will in regard to the disposition of remainders, and, in view of the well understood meaning of the words, it would seem clear that if the testator had intended that the heirs should be ascertained, in the various cases which would arise, as of some other date than that of his death, he would have said so. The appellants contend that the word "then" in the concluding sentence of the clause now before us, and which appears in a similar connection in other places in the will, is used as an adverb of time and that the testator has thereby signified not only the time when the distribution is to be made but also the persons who are to take. But it seems to us plain that the word is used conjunctively and that the sentence should be construed as if it read "then, in that case or in that event." The appellants further contend that the testator, having made ample provision for those who were his heirs at the time of his death, could not have intended that they should also share in the remainders. But it has been expressly held that an heir at law to whom the testator has given a life estate may also take as one of the heirs at law to whom the remainder is given. *Abbott* v. *Bradstreet*, 3 Allen, 587. The contention is without force, therefore, so far as it is relied upon to show that the heirs at law are to be ascertained as of the death of the life tenant, and not of the death of the testator. We see nothing in the other objections urged by the appellants. The direction to divide and distribute the remainder amongst the testator's heirs at law is equivalent to words of present gift if such are needed, and the testator nowhere manifests any intention to limit the freest and fullest disposition by his heirs at law of what, if anything, may come to them as their shares of the remainders, or to interfere with any disposition which the law might make in case of their death.

*Decree affirmed.*