GEORGE R. JEWETT, trustee, *vs.* GEORGE R. JEWETT, executor, & others.

Essex.    November 4, 1908. — November 25, 1908.*

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Devise and Legacy.    Words,* "Heirs."

A testatrix died, leaving a son and two daughters. By her will she gave to her son one fourth of all the residue of her estate. The other three fourths she gave to trustees, with provisions that the income should be paid primarily to her daughters, but in certain events in part to her son and in part to the descendants, if any, of her daughters. The will then provided that the trustees "on the decease of the last survivor of my said daughters" shall "convey, assign, deliver and distribute the whole remaining trust property to the then surviving descendants of my said children respectively, . . . and in case of there then being no surviving descendents of any of my said children, then the trust property is to go to my heirs and in either case the trust is to cease." All of the three children of the testatrix died without issue. Upon the death of the last survivor of them, who was one of the daughters, the trustees brought a bill for *instructions as to whether the persons designated as the* "heirs" of the testatrix, among whom it was their duty to distribute the property, were her three children, who were her heirs at the time of her death, or were certain collateral kindred of the testatrix, who would have been her heirs had she died at the time of the death of the last survivor of her children. *Held,* that the will contained no manifestation of an intent to designate by the word "heirs" any other persons than those who were the heirs of the testatrix at the time of her death ; that the facts, that her heirs at the time of her death were her children, that an absolute bequest was made to her son, and that life interests were given to her daughters, did not indicate an intention that these same children should not take finally as her heirs after the termination of the limitations made by her will.

In interpreting the will of a testatrix, who was a widow, the fact that her husband by his will expressly gave to the survivor of his children the power to dispose of such survivor's interest in the remainder of the estate, the fact, which might be inferred, that the testatrix was acquainted with the contents of her husband's will, and the fact that she did not make a similar provision, do not show an intention of the testatrix that her children should not have the power to dispose of their respective interests in the remainder of her estate.

In interpreting the will of a testatrix, a careful provision in the will, that the shares of the income of a trust fund which were to be paid to her daughters or to their female descendants should be paid to them independently of their

* The opinion in this case was withdrawn on an application for a rehearing. This was denied on January 4, 1909, when the case was returned to the Reporter.

husbands, does not warrant the inference that the testatrix wished to deprive her daughters of any interests in remainder lest they should exercise their unrestricted power of disposition by bequeathing such interests to their husbands.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 12, 1908, by George R. Jewett, trustee under the will of Elizabeth Howes, late of Salem, for instructions.

The case came on to be heard before *Rugg*, J., who, at the request of the parties, reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

The will of Elizabeth Howes was dated January 10, 1854, and, omitting the attesting clauses and the signatures of the testatrix and the witnesses, was as follows:

" I, Elizabeth Howes, wife of Frederick Howes of Boston, make my will hereby as follows:

" First. I give, devise and bequeath to my son William Burley Howes, one fourth part of all the property, or legal or equitable interest in property real and personal which I may be seized of, possess, have or be entitled to, in my right at the time of my decease whether immediately or in remainder or reversion or which I have or hereafter may have a right or authority to devise, bequeath or dispose of by will or by testamentary appointment in the nature of a will to have and to hold to him and his heirs and assigns. This devise and that of the other three quarters hereinafter made for my daughters are to be subject to the provisions subsequently made herein respecting the annuity to my brother Edward Burley and also respecting Abigail Waugh and Nancy Abbott.

" Second. I give, devise and bequeath the other three quarters of my property as the same is specified above to my said son, William Burley Howes, and to my son-in-law Joseph Sebastian Cabot, Esquire, to have and to hold to them and their heirs and assigns and their legally appointed substitutes and successors, and to the survivor of them or to either of them if one only shall accept the trust and his legally appointed substitutes and successors and his and their heirs and assigns, respectively, in trust for the uses and purposes hereinafterwards expressed, viz:

" Firstly. In trust to hold, manage, lease, sell, mortgage, assign and dispose of said property, and receive the rents, in-

terest and income thereof, and of the proceeds thereof for the purposes herein provided, and to invest and reinvest the proceeds thereof from time to time as they or the survivor of them or the trustee or trustees from time to time legally appointed in their stead may deem safe and advantageous, and best calculated to promote the objects of the provisions of this will.

" Secondly. In trust to pay over one-third part of the net rents, interest and income of said property at convenient times semi-annually or quarterly to each of my daughters, Susan Burley Cabot, wife of said Joseph Sebastian Cabot, Elizabeth Howes and Lucy Cabot Howes, during the life of each of my said daughters, respectively, on the order or receipt of each made at the time of any such payment, independently of any husband either of them may have at the time, or to apply and expend a third part of said net rents, interest and income for the separate use and benefit of my said daughters respectively, independently of their husband, if any, at the time of any such payments and expenditures of such rents, interest and income, the said rents, interest and income not to be subject in any respect to the control, contracts, debt or liabilities of any such husbands.

" Thirdly. In trust on the decease of either of my said daughters to pay over one-third of such rents, interest and income to her descendants, if any, that shall be surviving from time during the continuance of said trust in the same proportions in which they would be entitled to share in a distribution of the personal estate of such daughter, at the time of any such payment, being a widow, at her decease. In case at any time when such rents, interest and income shall be payable, any female descendant of any of my said children entitled to share therein shall be a feme covert, the share belonging to her shall be paid over or expended and applied for her separate benefit and on her order or receipt made *made* at the time independently of her husband as before provided in respect to my said daughters.

" Fourthly. In trust in case during the continuance of said trust any of my said daughters shall have deceased, and there shall at any time during the continuance of the trust be a want or failure of descendants of hers, to pay over the third part of

such rents, interest and income to which she would have been entitled if living, to her brother, if surviving and her then surviving sister or sisters, and as hereinafter provided, to the then surviving descendants of any of my then deceased children, and descendants of any child to be entitled by representation to the share to which he or she would have been entitled if living, the females, if any entitled to share in such rents, interest and income if femes covert at the time, to be entitled thereto independently of their husbands respectively as above provided in respect to my said daughters. In case the surviving descendants of any one of my said children that shall have deceased shall be entitled to participate instead of such child, in the share of the rents, interest and income devised to any one of my said daughters, who shall have died leaving no descendants, or whose descendants shall have failed and her share thus have fallen in, the descendants so entitled to participate shall share among themselves in the distribution in the same proportions in which they would be entitled respectively to share in the descent and distribution of the estate of the child whom they shall represent if he or she had died at the time of any such rents, interest and income being distributable.

"Fifthly. In trust on the decease of the last survivor of my said daughters to convey, assign, deliver and distribute the whole remaining trust property to the then surviving descendants of my said children respectively, the share to the descendants of each of my said daughters to be equal to that of the descendants of each other of them, and the share of the then surviving descendants of all of my said children to be in the same proportion in which they would at the time be entitled to share in the rents, interest and income of the trust property, and in case of there then being no surviving descendants of any of my said children, then the trust property is to go to my heirs and in either case the trust is to cease. Should my said son survive all his sisters he is to have such share as would otherwise as above provided go to his surviving descendants. I suppose the property I have in my own right includes one half of the Beverly farm left to me by my father and eight thousand dollars the proceeds of the sale of the estate in Federal street in Salem, and some shares in the New Market Manufacturing Company,

besides any other property left by my father and by my sister, Susan Burley, my intention is hereby to devise and bequeath all the property or rights, and interests in property which I have in my own right, or shall have or be authorized to devise, and bequeath at my decease as hereinbefore stated, whether I may have the same in my own right notwithstanding my being married, or otherwise under any change of circumstances.

" I desire that the agreements and provisions heretofore made for an annuity of three thousand dollars to be paid to my brother Edward Burley during his life may be fulfilled, respecting which I do not understand it be *be* requisite that I should make any provision in this will but I direct my executor and trustees to see that the same are complied with and contribute thereto out of the income of the property which I have in my own right, if this is obligatory upon me, or shall be necessary and the annuity cannot be satisfied out of other means.

" I further direct my executor to pay out of my property the sum of one hundred dollars towards making provision for the support of Abigail Waugh who attended my sister, Susan Burley, in her last illness, if the said Abigail shall survive me and if I shall not make such provision myself during my own life and direct my executor and trustees to see that she does not suffer by want.

" I further direct my executor and my trustees to see that Nancy Abbott of Beverly, formerly a domestic in my father's family and also in my own family shall not suffer from want, during her old age if she shall survive me and for that purpose to pay to her an annuity of sixty dollars a year during her life.

"I direct that bonds shall not be required of either of my said trustees before named in the Probate Office for the execution of their trust.

"I appoint my said son, William Burley Howes, executor of this will."

There was a codicil to the will of Elizabeth Howes dated December 22, 1856, making only a modification of a small legacy. The will of Frederick Howes, the husband of Elizabeth Howes, was dated February 19, 1851. The provision of his will referred to in the opinion was as follows: " The survivor of my children, if my only issue then living, may dispose

by will of all the estate and property in trust for my descendants under this will." A codicil to the last named will, dated March 28, 1851, contained the following provision: "The last survivor of my children aforenamed, if he or she should be my only descendant then living, may dispose by will of all the property bequeathed in trust under this will. And I hereby give to such survivor full power and authority for this. purpose." A second codicil, dated March 29, 1908, merely revoked a small annuity. Frederick Howes died on November 12, 1855, and his will was allowed in December, 1855. An indorsement on the back of his will, stating that notice of the petition for the allowance of the will and codicils was .waived, was signed by his widow, Elizabeth Howes, and by their children. Elizabeth Howes died on April 13, 1859.

*A. W. Eldredge,* for the trustee, filed no brief, but stated the facts.

*W. B. Durant,* for Caroline A. and Christine Farley.

*E. K. Arnold,* for the defendants Whitney.

*J. W. Farley,* for the Northern Trust Company, executor of the will of Susan F. Avery, and others.

*F. Burke,* for Franklin G. Burley.

*H. Wardwell, pro se,* submitted a brief.

*H. Wheeler,* for the administrator *de bonis non* with the will annexed of the estate of Susan B. Cabot, was not called upon.

SHELDON, J. The petitioner holds a trust fund created under the will of Elizabeth Howes. She died in 1859, leaving two daughters and a son, all of whom have now died without issue. The last survivor of these children of Elizabeth Howes was Susan B. Cabot, who died in 1907.

Mrs. Howes by her will gave to her son one fourth of all the residue of her estate. The other three fourths she gave to trustees, with provisions that the income should be paid primarily to her daughters, but, in certain events, in part to her son and in part to the descendants, if any, of her daughters, until the decease of the last survivor of her daughters. The will then provided, in the fifth paragraph of the second article, that the trustees should " on the decease of the last survivor of my said daughters . . . convey, assign, deliver and distribute the whole remaining trust property to the then surviving de-

scendants of my said children respectively, the share to the descendants of each of my said daughters to be equal to that of the descendants of each other of them, and the share of the then surviving descendants of all of my said children to be in the same proportion in which they would at the time be entitled to share in the rents, interest and income of the trust property, and in case of there then being no surviving descendants of any of my said children, then the trust property is to go to my heirs and in either case the trust is to cease." The trust fund is now to be paid to her heirs, and the question is whether those heirs are to be determined at the time of her own decease, or at the time of the death of Mrs. Cabot, the last survivor of her children. In the latter event, the fund would go to certain cousins or other collateral kindred of the testatrix. In the former event, her heirs were her son and two daughters; and, as Mrs. Cabot acquired in her lifetime the whole interest of her brother and sister by their wills, the whole fund would now be paid to the administrators of her estate with the will annexed.

As was said by this court in *Whall* v. *Converse,* 146 Mass. 345, 348, " The general rule is settled, that, in case of an ultimate limitation like that of the fund in question to the testator's heirs at law, the persons to take are those who answer the description at the time of the testator's death. *Dove* v. *Torr,* 128 Mass. 38, 40. *Minot* v. *Tappan,* 122 Mass. 535, 537. *Abbott* v. *Bradstreet,* 3 Allen, 587. The reasons for this rule are, that the words cannot be used properly to designate anybody else; that such a mode of ascertaining the beneficiary implies that the testator has exhausted his specific wishes by the previous limitations, and is content thereafter to let the law take its course; and, perhaps, that the law leans toward a construction which vests the interest at the earliest moment." The same rule often since has been re-stated by this court. *Boston Safe Deposit & Trust Co.* v. *Parker,* 197 Mass. 70. *Gray* v. *Whittemore,* 192 Mass. 367, 380. *Holmes* v. *Holmes,* 194 Mass. 552, 557. *Blodgett* v. *Stowell,* 189 Mass. 142, 143. *International Trust Co.* v. *Williams,* 183 Mass. 173. *Pierce* v. *Knight,* 182 Mass. 72. *Rotch* v. *Rotch,* 173 Mass. 125. It is needless to refer to the many other cases that might be cited to the proposition.

It is true, however, that this principle "is not a rule of substantive law, but a rule of interpretation which has been adopted by the courts as one means of ascertaining the intention of the testator as expressed in his will, and it never should be used to defeat what from the whole will appears with reasonable certainty to have been his intention." *Heard* v. *Read*, 169 Mass. 216, 223. That intention is to be ascertained from the language of the whole will in view of all the circumstances of the case, and is to be followed unless it is inconsistent with the rules of law. *McCurdy* v. *McCallum*, 186 Mass. 464, 469. *Crapo* v. *Price*, 190 Mass. 317, 320. Accordingly, in many cases a limitation to the heirs of a testator or of a beneficiary after the termination of a life estate which is prolonged beyond the period of his own life has been construed as requiring the heirs to be determined at the date of the termination of the subsequent life estate, because it was found that otherwise an intention which the testator had clearly manifested would be frustrated. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, in which the doctrine is stated with sufficient citation of cases. But we do not find in Mrs. Howes's will any manifestation of such an intent.

The fact that her heirs at her death were her children, that an absolute bequest was made to her son, and that life estates were given to her daughters, does not indicate an intention that these same children should not finally take as her heirs after the termination of the special limitations which she chose to make. *Childs* v. *Russell*, 11 Met. 16. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Cushman* v. *Arnold*, 185 Mass. 165. *Boston Safe Deposit & Trust Co.* v. *Parker*, 197 Mass. 70.

Nor can we say that this testatrix did not intend that her children should not have power to dispose of their respective interests in remainder, because her husband by his will had expressly given such a power to the survivor of his children, and she did not make a similar provision, and it may be inferred that she was acquainted with the contents of her husband's will.

The careful provision that the share of the income of the trust fund which was to be paid to her daughters or to their female descendants should be paid to them or for their benefit independently of their husbands does not warrant the inference

that she wished to deprive her daughters of any interest in remainder lest they should exercise their unrestricted power of disposition by bequeathing it to their husbands. The testatrix imposed such restrictions as she chose ; we cannot reverse the ordinary rule, *expressum facit cessare tacitum*, and infer that she intended to impose additional restrictions which she did not mention.

We have carefully considered all the suggestions made in the elaborate arguments, and have examined all the cases to which we have been referred; and we find nothing in the will of the testatrix which discloses any intent to benefit her collateral relatives. We are of opinion that having, as in *Rotch* v. *Rotch,* 173 Mass. 125, 133, made provision for each of her daughters during all her life and for her issue if she should leave any, and having secured to her son what she regarded as an adequate portion for him, she was content, if her children should leave no issue, to let her estate go as the law might direct.

Accordingly the petitioner should be instructed that it is his duty to pay the trust fund to the administrators with the will annexed of the estate of Susan B. Cabot.

*Decree accordingly.*