ELIOTT F. TRULL & another, trustees, *vs.* ARTHUR P. TARBELL & others.

Middlesex.    March 8, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ. .

*Trust*, Construction. *Devise and Legacy*, "Heirs at law," Time of vesting. *Words*, "Heirs at law."

A testator, who had three children, a daughter twenty-five, a son twenty-three and a daughter fifteen years of age respectively, made a will placing the residue of his estate in trust, a certain annuity to be paid from the income to his widow and the balance of the income to be paid to his children or their children during the life of the widow. The will then contained three paragraphs, each referring to one of the testator's three children and providing that, after the death of the widow, one third of the income was to be paid to that child during his life and, after such child's death "leaving children or grandchildren," one third of the principal was to be conveyed and distributed "to and among

the children and grandchildren . . . and in case no such children or grand-
children" survived such child of the testator, that child's share of the income
was to be paid for life to the other two children of the testator "during the
term of their respective natural lives and the life of the survivor of them in
case either dies leaving no children or grandchildren; and in case either [of
such other two children of the testator] . . . or both . . . have died leaving
children or grandchildren" the trustees were directed "to pay over, convey
and distribute among their respective children and grandchildren as they
claim by right of representation the share of the principal estate or trust
property which would have fallen to the children of" the child to whom the
paragraph of the will referred, had that child died leaving children; and in
case that child "shall survive both my other children then upon his decease
leaving no children or grandchildren I direct my trustees to pay over, convey
and distribute all said trust estate as it would legally descend to and among
my heirs at law the children and grandchildren taking the portion that would
have fallen to their respective parents." Each of the three children survived
their mother and then died, leaving no children nor grandchildren surviving,
the first to die being the brother, who left a will which, in the events which
happened, gave his property to his younger sister, the older sister next
dying intestate and the last to die being the younger sister, who left a will.
*Held,* that

(1) Under the provisions of the trust, the interest in the trust property in
remainder after the life interests vested at the death of the testator;

(2) In the events which happened, that interest vested in those who were
the testator's "heirs at law" at the time of his death, descended to the sur-
vivor of his children and was subject to the provisions of that child's will.

BILL IN EQUITY, filed in the Supreme Judicial Court on Decem-
ber 3, 1919, by the trustees under the will of Ezra Trull, for
instructions.

By the will, the residue of the testator's estate, "real personal
and mixed of every kind and description whatever" was given to
the predecessors of the plaintiffs in trust, to pay from the income
$6,000 annually to the testator's wife during her life and the
balance to his three children, Mary F. Trull, Ezra J. Trull and
Annette F. Trull during their lives, provision being made for the
contingency (which did not happen) of the death of any of the
children during the lifetime of their mother. There then followed
three paragraphs, one as to each child, alike except for the names
of the children. The paragraph as to Ezra J. Trull was as follows:

"I direct my said trustees their survivor or successors from and
after the decease of my said wife to pay over to my son Ezra J.
Trull one third part of the net income of all the property they may
then hold in trust under this my will as said income shall accrue
in equal quarter-yearly instalments for and during the term of his

natural life, and from and after the decease of my said son, leaving children or grandchildren, my said wife having deceased I direct my trustees their survivor or successors to pay over, convey and distribute one third part of the principal sum or estate or trust property held by them by this my will to and among the children and grandchildren in equal shares of my said son such grandchildren taking the portion that would have fallen to their parent if alive, and in case no such children or grandchildren of my said son shall survive him then I direct my said trustees.for the time being to pay over to my daughters Mary F. and Annette F. to be divided equally between them the net income that would have gone to my son during the term of their respective natural lives and the life of the survivor of them in case either dies leaving no children or grandchildren; and in case either or both of my daughters have died leaving children or grandchildren then I direct my trustees to pay over, convey and distribute among their respective children and grandchildren, as they claim by right of representation, the share of the principal estate or trust property which would have fallen to the children of my son had he died leaving children; and in case my son shall survive both my other children then upon his decease leaving no children or grandchildren I direct my trustees to pay over, convey and distribute all said trust estate as it would legally descend to and among my heirs at law the children and grandchildren taking the portion that would have fallen to their respective parents."

Ezra J. Trull and Mary F. Trull survived their mother and died without issue surviving, the former leaving the will described in the opinion, and the latter intestate. Annette F. Trull married one Jacob Hittinger and, after the deaths of her mother and of her brother and sister, died testate without issue, leaving her husband surviving her. The prayer of the bill was for instructions, "To what persons and in what proportion" the trustees should "convey the trust property."

The defendants are in two groups: Arthur P. Tarbell, Evelyn T. Bates, Charles E. Trull, Horace Trull, Eliott F. Trull, Bertha P. Trull and Clifford Trull contended that, as persons who would have been the "heirs at law" of Ezra Trull if he had died at the time of the death of his daughter Annette, they were entitled to the trust estate. Jacob Hittinger, husband of the testator's

daughter Annette, and Theodore Eaton, Esquire, the adminis-
trator with the will annexed of her estate, contended that the
remainder in the trust property after the interests for life created
by the will vested at the time of the death of the testator in his
three children and descended to Annette by the previous deaths
without issue of her brother and her sister, the provisions of the
will of her brother, which are described in the opinion, and the
intestacy of her sister.

Other material facts appearing in the pleadings are described in
the opinion.

The suit was reserved by *Crosby*, J., upon the pleadings for
determination by the full court.

*G. H. Brown*, for the plaintiffs, stated the case.

*R. F. Tift*, for the defendants Arthur P. Tarbell and others.

*G. C. Scott*, for the defendants Theodore Eaton, administrator
with the will annexed of Annette F. Hittinger, and Jacob Hit-
tinger, principal beneficiary under her will.

JENNEY, J. This is a bill in equity by the trustees under the
will of Ezra Trull, for instructions concerning the disposition of
the property held in trust.

Ezra Trull died on March 8, 1869, leaving a will dated January
6, 1866. When the will was made, he was married and had three
unmarried children, the issue of the marriage, Mary F., Ezra J.
and Annette F. Trull, aged respectively twenty-five, twenty-
three and fifteen years. His wife and children all survived him.
Annette C. Trull, his widow, died on November 21, 1876.

Ezra J. Trull married on June 3, 1869, and died testate on
April 29, 1886, leaving a widow but no issue. Under his will the
income of the residue of his estate was given to trustees for the
benefit of his wife, and upon her death in 1913, the trust termi-
nated, and his "heirs at law then living" became entitled to the
property.

Mary F. Trull married John W. Swords on December 18, 1872,
and died intestate January 27, 1903, leaving neither issue nor
husband.

Annette F. Trull married Jacob Hittinger in October, 1898, and
died without issue on August 26, 1919, her husband surviving
her. Her will contained the following provision: "I give, be-
queath and devise to my husband, Jacob Hittinger of Belmont,

Massachusetts, all my estate, both real and personal, of every kind and nature, which I may own at the time of my decease, to have and to hold the same and enjoy the use and income thereof during his life, together with the right to use any part or the whole of the principal of my estate, in whole or in part, for such purposes and in such amount as he in his sole uncontrolled discretion shall deem advisable. I believe that my husband will use only the income from the property which I shall leave, but I impose no restraint of any kind whatever on his use of the whole of my estate, both principal and income, if he desires to do so.

"I desire my husband to keep my property separate from his own property so that whatever is a part of my estate may be readily ascertainable at the time of my husband's death."

The second paragraph of her will, after specific legacies and a specific devise, gives "Out of the estate that remains, if any such there is, at the decease of my husband" all the rest and residue to Bertha Trull, undoubtedly the defendant described in the bill as Bertha P. Trull.

The will of Ezra Trull, after a bequest of specific personal property to his widow, gave all the residue of his estate to trustees (whose successors in trust are the plaintiffs), to hold the property with full power of · sale, investment and reinvestment, and to pay from the income thereof to his wife $6,000 annually during her life, and the balance of income to his three children. In the event of the death of any of his children, leaving a child or children, during the lifetime of his widow, the trustees were directed to pay to such child or children in equal shares the amount of income that would have been paid to their father or mother had he or she been living. The will further provided for the payment of excess income in the event of the death of any of the children during the lifetime of the widow, leaving no child or children.

The will also contained provisions for the division of the income among the three children after the death of their mother. These were independent provisions, and were alike in all substantial particulars. Inasmuch as Ezra J. Trull was the first of the children to die, it is convenient to apply the terms of the will to the conditions existing with reference to the provisions primarily for his benefit. Its terms are printed above.

On the death of Ezra J. Trull, if he had left "children or grand-

children," they would have been entitled to one third of the principal of the trust estate; but as he left no issue, the entire property continued to be held in trust, the third of the income which had been payable to Ezra having become payable to Mary F. and Annette F. in equal shares. In case either or both of them had died leaving children or grandchildren, such issue would have been entitled to the one third of the principal to which the children of Ezra would have been entitled if such children there had been. The will then continued: "and in case my son shall survive both my other children then upon his decease leaving no children or grandchildren I direct my trustees to pay over, convey and distribute all said trust estate as it would legally descend to and among my heirs at law the children and grandchildren taking the portion that would have fallen to their respective parents." Inasmuch as Ezra did not survive his sisters, this provision did not take effect.

When Mary F. (Trull) Swords died, the situation was similar to that at her brother's death. As she left no issue, there was no distribution of any part of the principal, and her sister Annette F. became the recipient of the entire income. When Annette died, leaving no children nor grandchildren, the trustees were directed to pay over all of the trust estate in words identical with those quoted when considering contingencies which might have arisen on the death of Ezra J. Trull.

The question for decision is, whether, under this provision, the heirs at law of Ezra Trull are to be determined by construing the will as creating a remainder vested in his heirs at his death, or one that was contingent and did not vest until the death of the survivor of his children.

It seems clear that the testator did not actually contemplate that all of his children would die without issue. The reiterated provisions, that "children and grandchildren" should take the portion that would have fallen to their respective parents, so demonstrates. The will, however, does not contain any words of contingency or future determination that require a postponement of the vesting of interests given thereunder, or take its provisions out of the general rule that interests are to be·construed as vested at the death of the testator, unless a contrary intent appears or a different construction is required in order to effectuate the testa-

tor's indicated legal desire. The will is distinguishable from that construed in *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35. Here it does not appear, as in that case, that the use of the words "heirs at law" excludes the issue of other children who must have died before its construction could be a necessity. If the son Ezra or the daughter Mary had died leaving issue, such issue would have taken a part of the principal of the trust property. There is no distinction between descendants and heirs, as in the Blanchard case; and other differences there emphasized do not here exist. We think that the case falls within the authority of *Jewett* v. *Jewett,* 200 Mass. 310, and cases there collected.

It is clear that Annette C. Trull, the widow of the testator, did not take any interest under the will other than the provisions therein made for her. *Holmes* v. *Holmes,* 194 Mass. 552. *Gardner* v. *Skinner,* 195 Mass. 164. *Bragg* v. *Litchfield,* 212 Mass. 148.

It was agreed at the argument that the trust fund consists of both real and personal property; but it does not appear whether the personal property represents in whole or in part proceeds of real estate, whether the real property now held is an investment of personalty made by the trustees under the authority given in the will, or whether it was a part of the estate of the testator at the time of his death.

The plaintiffs are instructed that the persons claiming under Annette F. Hittinger are entitled to the property in their hands, the same to be paid or transferred in such manner as may be found proper; and the terms of the decree, including all questions of costs as between solicitor and client, may be settled by a single justice. *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65.

*Ordered accordingly.*