HARRY A. BROWN & another, trustees, *vs.* JULIA A. SPRING
& others, executors & another.

Middlesex.    March 13, 1922. — June 22, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Devise and Legacy*, "Heirs at law," Vested remainder. *Words*, "Heirs at law,"
   "Then."

A testator, who died in 1880, by his will gave the income of a trust fund to his
   wife for life and provided for the distribution of the principal after her death;
   gave one half of the residue to his son and placed the other half in trust, the
   income to be paid to his daughter "during the term of her natural life" and at
   her death the trustees were directed "to distribute and divide said half part
   among her children or the descendants of any deceased child living at her
   death (the descendants to take the share of their parent), but if . . . [the
   daughter] shall die leaving no children or descendants living at her death
   then to pay over and distribute the same among my heirs at law." When
   the testator made his will, he was sixty-two years of age and his wife fifty-
   six and he had a son and a daughter. His son then had two minor sons. The
   testator's widow died ten years after him and his daughter thirty years later,
   at which time the son, who had survived his father, had died leaving a widow
   and one son, his other son having died unmarried and without issue. The
   son left a will making his widow residuary legatee and entitling her to such
   share in the trust as had vested in him. The daughter left neither husband,
   children nor descendants but her will made her brother's son residuary legatee
   and as such entitled to her interest, if any remained after the termination of
   her life estate. *Held*, that
      (1) The general rules of construction, that reference by a testator to his
   heirs is presumed to indicate those who were such at the time of his death,
   that a different intent is not to be inferred merely because the person to whom
   a life estate is given is one of the heirs at law, and that estates created by will
   shall be deemed to vest immediately unless a different testamentary purpose
   is clearly indicated, applied;
      (2) The word "then" as used in the will related to the time of payment
   and did not limit the persons who were to take as heirs;
      (3) A provision of the will containing the bequest for the benefit of the
   testator's wife for life and providing for its distribution after her death to the
   testator's son and daughter and, in the event of the death of either of them
   before the death of the mother, then that the share of the one so dying be
   paid "to their children, but if they or either of them shall die leaving no
   children living at the death of" the mother "then to pay over and distribute
   the same among my heirs at law," was wholly consistent with this result;
      (4) The fact that the gift over was by way of a direction to pay and distrib-
   ute, although proper for consideration, did not prevent the application of the
   usual rule;

(5) Under the statutes in force when the testator died, his widow did not take any interest other than provided in the will for her benefit;

(6) One half of the property should be transferred to the executor of the will of the testator's son to be administered as a part of his estate and in accordance with his will, or directly to his residuary legatee, as may be found proper, and one half to the son of the son, the residuary legatee under the will of the testator's daughter.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 15, 1921, by the trustees under the fifth item of the will of Andrew C. Spring, late of Somerville, for instructions.

The provision for distribution of the trust fund, created for the benefit of the testator's widow, after her death was as follows: "to my son Andrew C. Spring, Jr. and my daughter Charlotte A. Spring — in equal proportions. And in the event of the death of either said Andrew or Charlotte before the death of said Eliza then to pay over the share of the one so dying to their children, but if they or either of them shall die leaving no children living at the death of said Eliza then to pay over and distribute the same between my heirs at law."

The fifth item of the will and material facts shown by the pleadings are described in the opinion. The suit was reserved by *Crosby,* J., for determination by the full court upon the bill and answer.

*H. A. Brown,* executor, stated the case.

*G. P. Wardner,* for the defendant John C. Spring.

*F. H. Smith, Jr.,* for the executors of the will of Andrew C. Spring, Jr., and Julia A. Spring, residuary legatee under the will of Andrew C. Spring, Jr.

JENNEY, J. The will of Andrew C. Spring — dated June 20, 1873, and admitted to probate in Middlesex County on December 7, 1880 — bequeathed the income of $20,000 to trustees for the benefit of his wife, Eliza H. Spring, for her life and provided for the distribution of the principal after her death. It gave one half of the residue of his estate to his son, Andrew C. Spring, Jr.

The devise of the remainder is now to be construed. This clause of the will is as follows: "Item 5th. I give bequeath and devise the remaining half of said residue of my estate to said Edward Judkins Hill and Andrew C. Spring Junior and the survivor of them his heirs executors administrators and assigns but in trust nevertheless for intents uses and purposes as follows viz;

to manage control and invest as they or the survivor of them may deem most advisable and pay over the net income and profit semiannually to my daughter Charlotte A. Spring to her sole and separate use and upon her sole and separate receipt for and during the term of her natural life. And upon the further trust at the death of said Charlotte A. to distribute and divide said half part among her children of the descendants of any deceased child living at her death (the descendants to take the share of their parent,) but if said Charlotte A. shall die leaving no children or descendants living at her death then to pay over and distribute the same among my heirs at law."

While the trustees now hold only personal estate, to the amount of $65,000, the devise to their predecessors in trust included real and personal property which they were expressly authorized to sell.

The testator died on November 10, 1880; his wife died intestate on August 27, 1890. When the will was made, he was sixty-two years old and his wife fifty-six. He then had two children, Andrew C. Spring, Jr., and a daughter Charlotte A. Spring, both of full age. His son then had two minor children, Andrew H. Spring and John C. Spring. The two children of the testator were also the sole heirs of their mother. Andrew C. Spring, Jr., died testate in 1914, leaving a widow, Julia A., now living, and one son, John C. Spring; his other son had died in his father's lifetime unmarried and without issue. Julia A. Spring is the residuary legatee under her husband's will and is entitled to such share in the trust fund as had vested in him. Charlotte A. Spring died testate on September 10, 1920, leaving no husband, children or descendants. Her nephew, John C. Spring, is her residuary legatee and as such entitled to her interest if any remains after the termination of her life estate.

The question to be decided is whether the quoted provision, which provided that if Charlotte A. Spring left neither children nor descendants upon her death, the trustees then should pay over and distribute the property held under said trust among the heirs at law of the testator, created a vested remainder.

It is the general rule of construction that reference by a testator to his heirs is presumed to indicate those who were such at the time of his death. *Upham* v. *Parker*, 220 Mass. 454. *State Street*

*Trust Co.* v. *Sampson,* 228 Mass. 411. A different intent is not to be inferred merely because the person to whom a life estate is given is one of the heirs at law. *Abbott* v. *Bradstreet,* 3 Allen, 587. *Welch* v. *Blanchard,* 208 Mass. 523. *Welch* v. *Brimmer,* 169 Mass. 204. *Blume* v. *Kimball,* 222 Mass. 412. The rule of construction also has long prevailed that estates created by will shall be deemed to vest immediately unless a different testamentary purpose is clearly indicated. *Porter* v. *Porter,* 226 Mass. 204. *Welch* v. *Colt,* 228 Mass. 511. *Mullaney* v. *Monahan,* 232 Mass. 279. *Ernst* v. *Rivers,* 233 Mass. 9.

The will now considered contains nothing indicating a construction except in accordance with these rules. It has no words requiring postponement of the vesting of interests given thereunder. *Boston Safe Deposit & Trust Co.* v. *Parker,* 197 Mass. 70. *Trull* v. *Tarbell,* 236 Mass. 68.

The word "then" as used relates to the time of payment and does not limit the persons who are to take as heirs. *Dove* v. *Torr,* 128 Mass. 38. *Boston Safe Deposit & Trust Co.* v. *Parker, supra.* *Welch* v. *Howard,* 227 Mass. 242. *State Street Trust Co.* v. *Sampson, supra.* Compare *Proctor* v. *Clark,* 154 Mass. 45; *Heard* v. *Read,* 169 Mass. 216; *Harding* v. *Harding,* 174 Mass. 268; *White* v. *Underwood,* 215 Mass. 299; *Carr* v. *New England Anti-Vivisection Society,* 234 Mass. 217; *Gardiner* v. *Everett,* 240 Mass. 536.

The paragraph of the will containing the bequest for the benefit of the testator's wife for life and providing for the ultimate distribution of the fund therein created is wholly consistent with this result. The fact that the gift over is by way of a direction to pay and distribute, although proper for consideration, does not prevent the application of the usual rule. *Welch* v. *Blanchard, supra.* *Partridge* v. *Clary,* 228 Mass. 290, 292. Norton on Deeds, 447. See *Brown* v. *Wright,* 194 Mass. 540, 544; *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 39; *White* v. *Underwood,* 215 Mass. 299.

Under the statutes in force when the testator died, his widow did not take any interest other than provided in the will for her benefit. Gen. Sts. c. 90, §§ 1, 15. St. 1876, c. 220. St. 1880, c. 211. *Holmes* v. *Holmes,* 194 Mass. 552. *Gardner* v. *Skinner,* 195 Mass. 164. *Trull* v. *Tarbell, supra.* See *Proctor* v. *Clark, supra.*

The plaintiffs are instructed to transfer one half of the property in their hands to the executors of the will of Andrew C. Spring to be administered as a part of his estate and in accordance with his will, or directly to his residuary legatee, as may be found proper (*Springfield Safe Deposit & Trust Co.* v. *Dwelly*, 219 Mass. 65), and one half to John C. Spring.

This direction is made without any reference to the possible liability to the Commonwealth for succession taxes; such liability has not been argued or considered. All questions of costs as between solicitor and client are to be settled by a single justice.

*Ordered accordingly.*