OLD COLONY TRUST COMPANY, trustee, *vs.* ALICE C.
SULLIVAN & others.

Suffolk.     April 4, 1929. — September 9, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Heirs at law.   *Words,* "My legal heirs."

A testator, in 1907, when his only relations by blood or marriage were
his mother, then seventy-two years of age, his wife, then forty-nine
years old, his brother, then thirty-eight years old, and a niece, daugh-
ter of the brother, then fourteen years of age, made a will, placing the
residue of his estate in trust to pay from the income a certain amount
to his mother during her life and the balance, or the whole if the
wife survived the mother, to his wife during her life, and in certain
events to use the principal for the wife's benefit; and, in the event
of the death of both mother and wife, the income was to be paid to
his brother "and in the event of his decease, the residue of my estate
then remaining shall be distributed among my legal heirs and by the
said trustee if it can and will act in that capacity; otherwise I would
request my said trustee to petition the Probate Court that this dis-
tribution be made."   There was no other disposition made of the
principal.   The mother died in 1914, the testator in 1917, the brother
in 1927, and the widow in 1928, leaving a will.   Thereafter the trustee
sought instructions.   *Held,* that

(1) The general rule that "my legal heirs" means those who are
the heirs of the testator at the time of his death governed; there was
nothing to show a different intent on the part of the testator;

(2) From the principal there should be paid to the executor of the
will of the widow $5,000 and one half of the balance after the deduc-
tion of the $5,000; the other half of such balance should be paid to
the estate of the brother;

(3) The fact that the widow, life tenant of income and only poten-
tially entitled to principal under the express provisions of the will,
thus shared in the distribution of the principal, was not controlling.

PETITION, filed in the Probate Court for the county of
Suffolk on January 23, 1929, by the trustee under the will
of William P. Hancock for instructions.

In the Probate Court, the case was heard on the plead-
ings and an agreed statement of facts by *Dolan,* J.   Mate-

rial facts are stated in the opinion. By order of the judge the decree described in the opinion was entered. Alice C. Sullivan, formerly Alice C. Hancock, appealed.

*H. L. Burnham*, stated the case.

*C. J. Redmond*, for Sullivan.

*R. B. Owen*, for Bryant.

*H. R. Mayo & E. J. Garity*, for Henry A. Sawyer, administrator, and another, submitted a brief.

WAIT, J. By the fifth clause of his will executed January 21, 1907, W. P. Hancock gave the residue of his estate in trust to pay the income, first, $25 monthly during her life to his mother Olive, and, second, the balance to his wife, Julia, during her life; and provided that, if the mother died before the wife, the latter should receive the entire income. The clause provided further that in certain events the trustee should use the principal for the benefit of the wife, but made no other final disposition of the principal. By the sixth clause he gave the entire income to his mother if she outlived his wife, but made no provision in regard to the principal. By the seventh clause, "In the event of the death of both the said Olive S. Hancock and Julia M. Hancock," he provided that "the income of the said trust fund shall be paid monthly to my only brother, Harry H. Hancock, or to his legal representative or representatives for his benefit and in the event of his decease, the residue of my estate then remaining shall be distributed among my legal heirs and by the said trustee if it can and will act in that capacity; otherwise I would request my said trustee to petition the Probate Court that this distribution be made." The will contains no other disposition of the principal of the trust fund.

The only relations of the testator by blood or marriage living at the date of the execution of the will were his mother, then seventy-two years of age, his wife, then forty-nine years old, his brother Harry H. Hancock, then thirty-eight years old, and his niece Alice C. Hancock, daughter of Harry H., then fourteen years of age. The mother died in 1914. The testator died in 1917, the brother in 1927, and the widow in 1928. The trustee prayed instructions to whom to make

payments of the principal, which was claimed by the niece, by the administrator with the will annexed of the brother, by the residuary legatee of the brother, each claiming the whole, and by the executrix of the widow who claimed $5,000 of the principal with one half of the balance of the trust fund, and conceded that the administrator of the brother's will was entitled to the remaining half of the balance. The case is before us upon the appeal of the niece from a decree of the judge of probate ordering distribution in accord with the contention of the executrix of the widow.

There is no error in the decree. The heirs of the testator at his death were his widow and his brother. His mother had died before him. We think that the testator intended to dispose of the principal fund after the death of the survivor of the three objects of his bounty in whom he was interested, his wife, his mother and his brother, and not to limit the disposition to the case of survival by the brother. The general rule, that where a testator provides for a disposition of property among "my legal heirs" he must be taken to mean those who are his heirs at his death, is well established. *Abbott* v. *Bradstreet*, 3 Allen, 587, 589. *Jewett* v. *Jewett*, 200 Mass. 310, 316, 317. *Thompson* v. *Clarke*, 264 Mass. 56. Although that rule must yield to the broader principle that the court will give effect to the intent of the testator if that can be clearly ascertained from the language of the will construed in the light of the circumstances, *Temple* v. *Russell*, 251 Mass. 231, 235, 236, and cases cited, we see nothing in the words of the will or the facts of this case to justify or require a different construction. The fact that the widow, life tenant of income and, potentially, entitled to principal, will share in the distribution is not controlling. *Jewett* v. *Jewett, supra. Ball* v. *Hopkins*, 254 Mass. 347. As was said in *Crowell* v. *Chapman*, 257 Mass. 492, 498, "Unless a clear intent to the contrary appears, the class will be determined as of the date of the testator's death, and the life tenant will share if then a member of the class." The widow, as a statutory heir, is one of the heirs at law.

The provision cutting off any beneficiary who opposes or contests the provisions of the will is without significance in

the matter before us.   *Lamb* v. *Jordan*, 233 Mass. 335, is not in point.   See *Rudd* v. *Searles*, 262 Mass. 490.

> *Decree affirmed with such costs of this appeal*
> *as between solicitor and client as the judge*
> *of probate may determine.*