STATE STREET TRUST COMPANY & another, trustees, *vs.* GEORGIANNA T. SAMPSON & others.

Suffolk.    October 16, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Devise and Legacy. Words,* "Right heirs at law," "Heirs," "Then."

The residuary clause of a will provided for the division of the residue of the testator's estate into nine equal shares, one for the benefit of each surviving child and one for the issue of each deceased child taking by right of representation. Each child was to receive the income of one share during his life. The clause contained this provision: "And upon the decease of either of said sons or daughters leaving no issue then said Trustees shall pay over and convey the whole of the trust share and estate of such deceased son or daughter to my right heirs at law." Twenty-five years after the death of the testator one of the daughters of the testator died, leaving no issue. *Held,* that the words "my right heirs at law," as used in the sentence quoted above, meant those sons and daughters of the testator and the issue of any deceased child who were living at the time of the testator's death.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 30, 1916, by the trustees under the will of Samuel A. Walker, late of Nahant, who died on May 23, 1880, for instructions.

The case came on to be heard before *Crosby,* J., who at the request of the parties reserved it upon the bill and the answers thereto for determination by the full court. The essential facts disclosed by the record are stated in the opinion.

The case was submitted on briefs.

*A. H. Russell, E. M. Moore & T. H. Russell,* for the plaintiffs (stating the case).

*A. F. Converse,* for the defendants Georgianna T. Sampson and others.

*R. Spring,* for the defendants Fannie S. Walker and another.

RUGG, C. J.    This is a bill for instructions as to the disposition

of a fund held by trustees under the will of Samuel A. Walker, who died in 1880. By the fourteenth article of that will the residuum of the estate was given to trustees for the benefit of children of the testator and the issue of a deceased daughter. The estate was to be divided into equal shares, one for the benefit of each surviving child and one for the issue of each deceased child taking by right of representation. The estate accordingly was divided into nine shares. The will contained specific directions as to the distribution of the income of the several shares held for the benefit of the children, which are not material in this connection. The clause in the will now operative, as to the meaning of which instructions are sought, is in these words: "Upon the decease of either of said sons or daughters, leaving issue, then said Trustees shall pay over and convey the whole of the trust share and estate of such deceased son or daughter, to the child or children of him or her so dying, absolutely, the issue of any deceased child to take its parent share. And upon the decease of either of said sons or daughters leaving no issue then said Trustees shall pay over and convey the whole of the trust share and estate of such deceased son or daughter to my right heirs at law."

One of the daughters of the testator deceased in 1915, leaving no issue. The questions to be determined are, first, the meaning of the words "my right heirs at law," and, second, the time as of which such heirs are to be ascertained.

1. Whatever may be the signification of the words "right heirs at law" under other circumstances, (as to which see *Peabody* v. *Cook*, 201 Mass. 218, and cases cited, *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 40, and cases collected in Note, 16 Ann. Cas. 298, 299,) plainly in the case at bar they can mean only those heirs at law who are heirs by blood. Whatever may be the time as of which such heirs are to be ascertained, they are in any event children and the issue of deceased children of the testator.

2. It is the general rule that a bequest or devise to the heirs or the heirs at law of a testator is to be construed as referring to those who are such at the time of the death of the testator, unless a different intent is plainly manifested by the will. That was settled by *Abbott* v. *Bradstreet*, 3 Allen, 587, and has been followed

consistently since that decision. There are many cases. The following are only illustrative of a large class: *Jewett* v. *Jewett,* 200 Mass. 310; *Welch* v. *Blanchard,* 208 Mass. 523; *Blume* v. *Kimball,* 222 Mass. 412. That rule is founded on the natural meaning of the words. Speaking in a popular as well as in the strictly accurate sense, the word " heirs " means those persons who inherit the property of a person at the time of his death. *Whall* v. *Converse,* 146 Mass. 345.

There are no words in the present will which disclose a different design. On the contrary, it is apparent from the terms of article thirteen that the testator knew how to express a purpose to make his benefaction of advantage to those living at a future time. It there is provided that a trust fund is to be distributed at the decease of his wife among his "children, then living, and to the issue of any deceased child . . . by right of representation." The word "then" in that context refers unmistakably to the death of the wife as the date for ascertaining the beneficiaries. The same word in the clause now under consideration refers to the time for distribution and not to the time for ascertaining who might be the hypothetical heirs of the testator. The case at bar is indistinguishable from *Dove* v. *Torr,* 128 Mass. 38, and the numerous cases which have followed it.

It is not necessary to review decisions where the words of the testator have manifested a purpose to distribute his estate among an artificial class of persons, who would have been his heirs if he had died at a time later than his actual decease. They all are plainly distinguishable. The principles which govern the case at bar are fully discussed in the authorities already cited and need not be repeated. The petitioners are instructed that the words "right heirs at law" of the testator used in the sentence quoted from clause fourteen, mean those sons and daughters of the testator and the issue of any deceased child living at the decease of the testator.

*Decree accordingly.*