WILLIAM G. THOMPSON & another, trustees, *vs.* AMOS E. LAWRENCE & others.

Suffolk.    November 14, 1923. — February 28, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Construction of instrument creating trust.

A testator in his will established a trust for the benefit of a nephew, who was nineteen years of age at the time that the will was made.    At that time and at the time of the death of the testator, the characteristics of the nephew were such that it was impossible for the testator to determine definitely whether and when it would be safe and proper to vest in him absolute title and control of the property left in trust for his benefit, or the right to receive either the accumulations or income of that property free from discretionary power on the part of the trustees to withhold any part thereof.    It was provided in the will that " Whenever, and not before " the trustees should " in their discretion be satisfied that it is safe and proper to do so, they may pay to " the nephew " any part or the whole of the accumulation of said trust," and that if at the death of the nephew a balance remained in the hands of the trustees it should be divided, one half to the nephew's widow and one half to the nephew's issue, if he left such; if he left no widow, then the whole to be divided among his issue; if he left a widow and no issue, the widow was to receive $25,000, and the remainder to be divided among the testator's heirs at law; and if he left neither widow nor issue, then the fund was to be divided among the testator's heirs at law.    Upon a bill in equity by the trustees for instructions, it was *held,* upon a construction of the entire will, that

   (1) Before the trustees legally could pay the whole trust fund to the nephew, they must be satisfied that he was possessed of such knowledge and sound judgment in respect of the care, management, investment, and reinvestment of money as to be qualified personally to hold and to manage the fund so that in his hands it would be safe in the sense of being unlikely to be lost or diminished through unwise or dangerous investments;

(2) The provisions of the will did not mean that, before paying the fund to the nephew, the trustees merely must be satisfied that, if the whole of the fund were paid over to him, he, by establishing a new trust thereof in such form as the trustees might approve, would so dispose of it that the same would be unlikely to be lost or diminished by unwise investments or otherwise be disposed of by him in an unwise or irrational manner or for purposes inconsistent with the best interests of the nephew.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 5, 1923, and afterwards amended, by trustees under the will of George O. Crocker, late of New Bedford, for instructions (1) whether, before the trustees legally could pay to Amos E. Lawrence the entire fund of a trust established by the will for his benefit, they must be satisfied that he was possessed of such knowledge and sound judgment in respect of the care, management, investment and reinvestment of money as to be qualified personally to hold and to manage the fund so that the same will in his hands be safe in the sense of being unlikely to be lost or diminished through unwise or dangerous investments; (2) whether before paying the whole of the trust fund to Amos E. Lawrence the trustees " need not be satisfied that he is possessed of such knowledge and sound judgment in respect of the care, management, investment, and reinvestment of money as to be personally qualified to hold and to manage such trust fund so that the same will in his hands be safe in the sense of being unlikely to be lost or diminished through unwise investment; but merely that the trustees must be satisfied that if the whole of said fund is paid over to him he will so dispose of the same by establishing a new trust thereof in such form as the petitioners may approve that the same will be unlikely to be lost or diminished by unwise investments or otherwise, or to be disposed of by said Amos E. Lawrence in an irrational manner, or for purposes inconsistent with the best interests of said Amos E. Lawrence "; and (3) as to the meaning of the provision in the will, " whenever, and not before, they shall in their discretion be satisfied that it is safe and proper to do so, they may pay to the said Amos E. Lawrence, Junior, any part or the whole of the accumulation of said trust."

The suit was reserved by *Pierce,* J., upon the bill as amended and answers.    Material facts are described in the opinion.

*W. G. Thompson,* for the plaintiffs, stated the case.

*W. H. Dunbar,* (*H. T. Davis* with him,) for Amos E. Lawrence.

*R. C. Evarts,* for George O. C. Lawrence.

*G. D. Burrage,* guardian *ad litem, pro se.*

*C. M. Rogerson,* for Boston Safe Deposit and Trust Company, trustee.

*F. S. Moulton,* for Old Colony Trust Company, trustee.

*E. V. Grabill,* for Elizabeth C. Clarke, submitted a brief.

RUGG, C.J.    This is a bill in equity for instructions by the trustees under the will of George O. Crocker touching their duty under a trust created for the benefit of his nephew, Amos E. Lawrence.    The testator died in 1887, leaving a will by which disposition was made of a large estate.    No wife, issue or parents survived him.    His heirs at law and next of kin were six in number: a sister (who had one living son, a nephew of the testator), two nephews (one of whom was Amos E. Lawrence) and a niece, children of a deceased brother, and two nephews, sons of a deceased sister.    The testator divided the residue, being the great part, of his estate, into seven equal parts, giving one part in trust for the benefit of his sister, one part in trust for the benefit of Amos E. Lawrence, one part outright to his niece, and one part outright to each of his remaining four nephews.    The trust for the benefit of his sister was to terminate at the death of her husband in the event that he should predecease her, and might be terminated at any time on her request in writing.    In case the trust was not terminated during her life, she was given power of appointment over the fund, and if this power should not be exercised, the fund was to go to her son, the nephew of the testator, in absolute right. That trust has terminated by her death intestate.

The trust for the benefit of Amos E. Lawrence contained usual provisions for investment both of principal and income.    There was no absolute requirement on the trustees to pay any part of either principal or income to Amos E.

Lawrence, but the provision was in these words: " Whenever and not before, they shall in their discretion be satisfied that it is safe and proper to do so, they may pay to the said Amos E. Lawrence, Junior, any part or the whole of the accumulation of said trust. If any balance of such trust fund shall be remaining in the hands of my executors as such trustees upon the death of the said Amos E. Lawrence, Junior, then, in that event, the same shall be paid by them as follows: if he leave issue, or issue and a widow, in equal shares to said widow and issue, that is to say one half to the widow, and one half divided among his issue. And if he leave no widow, the whole to be divided among his issue. If he leave a widow and no issue, the widow is to receive twenty-five thousand dollars of said trust fund, and the remainder is to be divided among my heirs at law. If he (my said nephew) leave neither widow nor issue, then the said trust fund is to be divided among my heirs at law, or so much of the same as shall remain in the hands of said trustees, at the death of my said nephew."

The pertinent facts, so far as shown by the record, as to Amos E. Lawrence are that at the time of the execution of the will he was nineteen years old, and then and at the time of the death of the testator, when he was twenty-three years old, his characteristics were such that it was impossible for the testator to determine definitely whether and when it would be safe and proper to vest in him the absolute title and control of the property left in trust for his benefit or the right to receive either the accumulations or the income of that property free from discretionary power on the part of the trustees to withhold any part thereof.

Amos E. Lawrence is now fifty-nine years of age and was married in 1919, but has no issue. The trustees have paid to him from time to time sums of money equivalent in the aggregate to the income of the trust fund, but no more. The amount of the trust fund is now about $195,000. It is alleged in the bill that " Amos E. Lawrence has requested the trustees to pay over to him the entire fund in order that he may make adequate provision for his wife in the event of his death before her, and may provide for a disposition of the

property at his death; and to that end he has proposed simultaneously with such a transfer of the property to himself to settle it in the hands of trustees satisfactory to the petitioners upon an irrevocable trust to carry out the foregoing purposes in such manner as the petitioners may approve."

A further allegation is that a dispute has arisen as to the power of the trustees to comply with this request. It also is alleged: " If the power given the trustees by the tenth item above quoted means . . . that the trustees cannot at this time pay over the whole of said trust fund to said Amos E. Lawrence unless they are satisfied that said Amos E. Lawrence is personally qualified safely to manage the fund, the trustees cannot pay over the fund because they are not so satisfied. If the power so given the trustee means . . . that the trustees can pay over the whole of said fund if in the exercise of their discretion they are satisfied that said Amos E. Lawrence will in fact take such steps as to ensure the safe management of the property in the sense above expressed and both a present and final disposition of it rational and compatible with the best interests of said Amos E. Lawrence, then the trustees in their discretion are satisfied that it is safe and proper to make such payment and desire to comply with the request of said Amos E. Lawrence, and will if authorized make such payment, with such safeguards as may be satisfactory to them and agreed to by him."

The reasons which actuated the testator in establishing the trust respecting Amos E. Lawrence seem fairly inferable. The characteristics of his nephew rendered impracticable a present control by him of any property. If these characteristics continued, it might be necessary in the exercise of sound judgment to protect him against the results of his own abuse of money and to deny to him control of any substantial part of the trust. If these characteristics should disappear, then apparently the desire of the testator was that this nephew should receive the same share as others standing in the same degree of relationship to him. The terms of the trust plainly were such as to guard the fund

so long as it remained in trust from creditors of the beneficiary. He had no absolute right to any part of it himself and his creditors could acquire none. The testator covered the whole field of the ultimate disposition of the fund, in case the trustees did not exercise the discretion vested in them by the will to pay it over to his nephew. No power of appointment was given to the nephew. Provision was made for the several events of that nephew leaving (1) a widow and issue, (2) issue without widow, (3) widow without issue, and (4) neither widow nor issue.

The intent of the testator with respect to this trust for his nephew, as manifested by the words of the will, is in marked contrast to his intent with respect to the trust for his sister. She had an absolute right to the income; he has no absolute right to any part of the income. She had an absolute right to demand and receive the whole of the principal of the fund; he has no absolute right to any part of the principal of the fund. She had full power of appointment over the fund; he has no power of appointment. The trustees have no power to confer upon the nephew any one of these property rights conferred by the testator upon his sister but denied by the testator to his nephew. The only power conferred upon the trustees by the will in these respects is, " Whenever, and not before, they shall in their discretion be satisfied that it is safe and proper to do so, they may pay " to the nephew " any part or the whole of the accumulation of said trust." This is not a power to arrange a new or different trust or to substitute another kind of oversight of the fund. The line of demarcation made by the testator was between the trust as established in his will, on the one side, and an absolute payment to the nephew of the whole or any part of the fund in the wise, enlightened but untrammeled discretion of the trustees, on the other side. There is no middle ground for the trustees. They are given no power to supervise and approve a new trust having a different aim from that of the testator as a condition precedent to the exercise of their discretion to make a payment. The grant to them of discretionary power is to make to the nephew an absolute payment of the whole or

a part of the fund when in the exercise of sound judgment they think that it is safe and proper so to do, having regard to all the factors which determine whether he will make a wise use of the money and be able to manage it with prudence.

The plan proposed in the request now made of the trustees in substance, so far as shown in the record, involves a radical change from the design of the testator. It provides for the creation of a new trust simultaneously with the payment of the fund to the nephew. This new trust might in conceivable circumstances make the fund or its income subject to claims of creditors. If an absolute right to the income is to be conferred on the nephew, that would be a material modification of the purpose of the testator. The avowed design of the proposed trust is to make greater provision for the wife of the nephew than the testator made, and to direct the devolution of the fund after his death in a way different from that specified by the testator. The proposed powers of the new trustees, whether greater, or less than, or the same as, those of the petitioners, will be exercised by others than those designated by the testator and they will not be responsible to the Probate Court for the execution of his wishes as declared in his will. The terms of the new trust, subject to its dominant purposes already stated, are to be approved by the plaintiffs. That is no part of their trust function and is not within the scope of their duties under the will. That is something quite beyond the power to " pay to the said Amos E. Lawrence " any part or the whole of the accumulations of the trust in their discretion when " satisfied that it is safe and proper to do so."

To the first request for instructions the answer is, yes; to the second, no; and to the third, nothing further need be said.

*Ordered accordingly.*