EDWARD C. BALL & others, trustees, *vs.* EDMUND BALL HOPKINS & others.

Middlesex.　November 13, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* "Heirs at law," Time of vesting, Equitable life interest and remainder in same person.

A testator by his will placed the residue of his estate in trust with directions to his trustees to give to his wife during her lifetime the income and such portions of the principal as in her judgment she might need beyond the income for her personal enjoyment, comfort and maintenance; and

in a second clause directed that on the death of the wife one third of the principal should be divided among his heirs at law excepting one grandson, who was expressly excluded from participation in this part of the estate "as he is hereafter provided for, in the same proportion that they would have taken had I died intestate." By a third clause, the remaining two thirds of the principal was to be held and managed for that grandson. That grandson and, under R. L. c. 140, § 3, then in force, the wife were the testator's sole heirs at law at the time of his death. Upon a petition by the trustees for instructions after the death of the wife, it was *held,* that

(1) The heirs at law of the testator were to be ascertained under the scheme of the will as of the date of his death;

(2) The nephews, nieces and grandnephews of the testator were not entitled to participate;

(3) The express exclusion of the grandson left the widow as the sole heir at law: at the death of the testator, her interest in remainder vested although it never could vest in possession;

(4) The widow having died testate, the trustees were instructed to pay one third of the principal to the duly appointed executor of her will.

PETITION, filed in the Probate Court for the county of Middlesex on October 9, 1924, by the trustees under the will of Carlos E. Ball, late of Malden, for instructions.

The petition was heard by *Leggat,* J., on the petition and answers. Material facts are described in the opinion. By order of the judge, a decree was entered that "the testator's heirs at law are to be ascertained and determined as of the date of the death of the widow of the testator; and it appearing that upon her death the testator's grandson, the said Edmund Ball Hopkins was the testator's sole heir at law, he is entitled to receive said estate notwithstanding the provision in the will excluding him from participation in said one third of the testator's estate."

Appeals from the decree were filed by Freelon Q. Ball, executor of the will of Elizabeth W. Ball, who was the widow of the testator; by Freelon Q. Ball, Quincy H. Ball and Rose C. Fleming; by Anna C. Ball, executrix of the will of Austin C. Ball; by Rachel C. Ball, executrix of the will of Gordon Fred Ball; by Edward C. Ball; by Julia A. Ball, executrix of the will of Henry E. Ball; and by Sarah F. Hopkins, guardian of Edmund Ball Hopkins, Jr., and by Blanche Elizabeth Hopkins.

*T. Eaton,* for the petitioners, stated the case.

*N. B. Vanderhoof*, for Freelon Q. Ball and others.

*A. H. Wellman*, (*S. H. Wellman* with him,) for Freelon Q. Ball, executor.

*E. M. Wolley*, for Sarah F. Hopkins, guardian.

*J. F. Neal*, for Edmund Ball Hopkins.

*M. L. Brown*, for Ralph A. Stevens and others, *& R. B. Stanley*, for Julia A. Ball, executrix, and others, submitted briefs.

BRALEY, J. The testator devised and bequeathed the residue of his estate to the petitioners in trust to manage, control and invest, and to pay his wife if she survived him the income during her life. If, however, the income proved inadequate and insufficient for her personal enjoyment, comfort and maintenance, they were to pay her such part of the principal as she might in her judgment require for the purposes stated. By the second clause the testator directed that upon the death of his wife the trustees as soon as convenient and without detriment to his estate were to divide one third thereof among his heirs at law with the exception of his grandson Edmund Ball Hopkins, who was expressly excluded from participation in this part of the estate "as he is hereafter provided for, in the same proportion that they would have taken had I died intestate." Under the third clause the remaining two thirds was to be held in trust for the grandson; and the income used for his care, maintenance and education as the trustees in their judgment may deem expedient until he is twenty-five years old when the trustees are directed to give him one half of the principal, the remainder to be held in trust and the income or increment to be added to the principal until he reaches the age of forty years when the principal with all accumulations is to be transferred to him, his heirs and assigns forever. The widow having died, the trustees had in their possession and control real and personal property amounting approximately to $125,000 and the question propounded is, to whom should one third of the principal be paid.

The heirs at law of the testator are to be ascertained under the scheme of the will as of the date of his death. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Ball* v. *Holland*, 189 Mass. 369.

They were Edmund Ball Hopkins, his grandson, and under R. L. c. 140, § 3, then in force, his widow, Elizabeth W. Ball. *Gray* v. *Whittemore,* 192 Mass. 367, 382, 383.   *Sherburne* v. *Howland,* 239 Mass. 439, 442.   And the nephews, nieces and grandnephews of the testator are not entitled to participate.

The express exclusion of the grandson left the widow as the sole heir at law, who, although given an equitable interest or estate for life, also took the remainder at his death, even if it never could vest in possession.   *Cushman* v. *Arnold,* 185 Mass. 165, 169.   The widow having died testate, the trustees are instructed to pay one third of the principal to the respondent Freelon Q. Ball, executor of her will.

It follows that the decree of the court of probate directing payment to Edmund Ball Hopkins must be reversed, and a decree is to be entered in conformity with this opinion, with costs taxed on the fund as between solicitor and client in the discretion of the court.

*Ordered accordingly.*