ELMER A. ABBOTT & others *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor.

Suffolk.   November 19, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Trust,* Construction of instrument creating trust.   *Devise and Legacy.*

A testator owning property exceeding $200,000 in value left a will and codicil.   The will, after some minor bequests, gave all the residue of his property to his wife for life and, after her death, to his daughter "if she shall then be living, and if not to any issue of her . . . and if my daughter . . . should then be dead and no issue of her living then I desire that my heirs coming from my side — namely my brothers and sisters and their issue, inherit as usual by the law of inheritance [with an exclusion not material]."   The codicil established a trust comprised of $50,000, a dwelling house, and certain other personal property, the income of which was to be paid to the daughter's husband if he survived the daughter, the bequest in the codicil to be "in addition to and is not to interfere with the bequest" to the daughter's husband in another paragraph of the will.   Thirteen years after the testator's death, his widow died intestate leaving her daughter as her sole next of kin.   Nineteen years later, the daughter died without issue leaving a will giving all her property to her husband, and, after nine years, the husband died testate.   The widow, the daughter and the daughter's husband had been appointed executors of the will and afterwards trustees under the codicil for the benefit of the daughter's husband.   No inventory nor account had been filed by them as executors.   The trustees filed an inventory but no account.   Persons who contended that they were heirs at law and next of kin of the testator after the death of the widow and of the daughter and therefore were persons interested in his estate, because the testator intended that they should receive the trust fund after the death of the life beneficiaries, filed in the Probate Court a petition that the executor of the will of the last surviving trustee be required to account in behalf of such trustee. The petition was dismissed.   On appeal it was *held,* that

(1) The contingency upon which the petitioners were to take title never happened;

(2) Title to the interest in the trust fund which followed the life interest of the daughter's husband, in nature an interest in remainder, vested at the death of the testator in his daughter as residuary legatee under his will;

(3) The mere fact, that the interest, in the nature of a remainder, could not vest in possession while the daughter was living, did not prevent its passing by her will;

(4) The mere facts, that by the provisions of the will of the daughter, in connection with those of the will of the creator of the trust, the

daughter's husband received both the income and principal of the trust, did not require the construction of the will which the petitioners sought;

(5) The petitioners were not parties interested in the trust and had no standing;

(6) The petition properly was dismissed.

PETITION, filed in the Probate Court for the county of Suffolk on April 16, 1926, that the respondent as an executor of the will of Francis Leeds, who was the last surviving trustee under the will of Charles R. McLean, late of Boston, for the benefit of Francis Leeds, be required to render an account for its testator as such trustee.

The petitioners alleged that they were parties interested in the due administration of the trust, contending that the testator intended that on the death of Francis Leeds the trust property should be distributed to them as his heirs at law and next of kin after the death of his widow and daughter.

The petition was heard by *Dolan,* J., upon an agreed statement of facts. Material facts are stated in the opinion. By order of the judge, a final decree was entered dismissing the petition. The petitioners appealed.

*J. W. Morton,* for the petitioners.

*C. M. Rogerson,* for the respondent.

PIERCE, J. This is an appeal from a decree of the Probate Court of the county of Suffolk dismissing a petition that the respondent render an account for its testator, Francis Leeds, last surviving trustee under the will of Charles R. McLean.

Charles R. McLean, a resident of Boston, died testate April 1, 1884. His heirs at law and next of kin were his wife, Hannah B. McLean, and his daughter, Maria A. Leeds, wife of Francis Leeds. His will and one codicil were duly proved and allowed by the Probate Court of Suffolk County, May 12, 1884. His said wife and daughter and the said son-in-law, Francis Leeds, were duly appointed executors and duly qualified on that date by giving bonds without surety, each in the sum of $250,000. No executors' inventory and no executors' accounts of the estate of Charles R. McLean have been filed. The estate, real and personal, exceeded $200,000. In January, 1893, the said executors were duly appointed trustees under the said will and as such

duly qualified by giving bonds, without surety, each in the sum of $70,000. The inventory filed by them showed real estate (residence at East Boston) $14,000, household furniture $1,000, and cash due from the executors $50,000. On February 2, 1893, the trustees filed a petition for leave to sell the real estate in the trust. This petition was duly allowed on the same day, and a decree was entered thereon authorizing the trustees to sell the property for $14,000, the proceeds of such sale to be held under the provisions of the will instead of the property so to be sold. No account ever has been filed by the trustees. No account ever has been filed by the trustees of their administration of the trust provided for in the codicil for the benefit of Francis Leeds, this trust being the only one as to which an accounting is demanded by the petitioners. The widow, Hannah, died April 14, 1897, intestate, leaving Maria A. Leeds her sole heir and next of kin. Maria A. Leeds died March 28, 1916, testate, without issue, devising and bequeathing all her property to her husband, Francis Leeds. Francis Leeds died in 1925, leaving a will, which was duly probated and the respondent was appointed executor thereof on November 2, 1925. The petitioners would be the heirs at law and next of kin of Charles R. McLean had he died unmarried and without issue.

After certain minor bequests, not pertinent to this case, the will of Charles R. McLean gave all the residue of his estate to his wife, Hannah B., for her sole and separate use during her life "and at her death all the estate then remaining to go to my daughter, Maria A. Leeds, if she shall then be living, and if not to any issue of her, the said Maria A., and if my daughter, Maria A., should then be dead and no issue of her living then I desire that my heirs coming from my side — namely my brothers and sisters and their issue, inherit as usual by the law of inheritance, but that my brother, Thomas P. T. McLean, or his issue have no part in the above bequest." The codicil admitted to probate, made three years later, provided: ". . . in case said Francis Leeds, now the husband of my daughter, Maria A., shall survive my wife, Hannah B. McLean, as also my daughter

Maria A., she being his wife and they living together at her death, then in that case I give and bequeath to the said Francis Leeds the income from the sum of Fifty Thousand Dollars ($50,000) in cash during his life and the use of my dwelling house on the corner of Meridian and White Streets, East Boston, Massachusetts, together with all its contents of household furniture &c., or the income from the proceeds of the sale of said house if deemed advisable to sell during his lifetime, after the death of my said wife, Hannah B., and of my daughter, Maria A. And also the horses and carriages and their belongings in fee simple free from any trust whatsoever after the death of my wife and daughter above named — And I hereby declare that the bequest here made in this Codicil is in addition to and is not to interfere with the bequest to said Francis in Section Third of my Will before named."

At the death of Charles R. McLean, his daughter, Maria A., as heir at law or as residuary devisee and legatee, took under the will itself of the testator a fee in the real estate and an absolute title to the personal property, subject to the life interest given the widow and the charges of administration. The petitioners under the will had an interest in remainder which was contingent on the event that Maria A. should not be living at the death of the widow, Hannah, and that Maria A. should have no issue then living. Maria A. survived her mother and the contingent remainder given the petitioners was thereby extinguished. No contention is made that the codicil affected the interest which Maria A. took under the will in any respect, save as related to that part of the estate which was given to Francis Leeds for his use during his life.

It is entirely clear, and is not disputed by the petitioners, that Maria A., on the death of Hannah B., took a fee in the residue of the estate, not including therein the trust created by the codicil for Francis Leeds. It is the contention of the petitioners that, under the will and codicil, the testator intended that Francis Leeds should take a life estate in the real estate in East Boston, in the household furniture, and in the cash received by the trustees from the executors;

and that he further intended that the remainder should go to the petitioners, but omitted from his will the precise and final words necessary to carry out that intention. In support of their position, the petitioners contend that the intention of the testator to give Francis Leeds in any event no more than a life interest in the trust funds is clear from the fact that the will gives Francis Leeds $5,000 absolutely, while the codicil gives only the income of the funds held in trust for his life.

It is further contended that the testator could not have intended that Maria A. should take a remainder in the life estate or life interest in the funds in trust, because the testator is presumed to have known that under the laws of inheritance then in force, Pub. Sts. c. 147, § 6, St. 1882, c. 141, if Maria A. left a will bequeathing her entire estate to Francis, he would receive the entire trust estate instead of a life estate therein and that she could not deprive him of more than a half interest therein.

It is plain that the petitioners took nothing in terms under the will and codicil which was not lost to them when Hannah B. died leaving Maria A. living at her death. It is equally plain that any issue of Francis Leeds and Maria A. would take no interest in the funds in trust if the right in remainder is held by necessary implication to have been given the petitioners without express or formal words. Assuming Maria A. had a life interest in enjoyment of the funds of the trust; and assuming Francis Leeds had a life estate in the same funds contingent on his surviving Hannah B. and Maria A., there is no legal difficulty in having the legal title in remainder in the first tenant for life or in any subsequent tenant other than the last tenant, even though the tenant cannot enjoy in possession the remainder during his lifetime. *Hedge* v. *State Street Trust Co.* 251 Mass. 410. *Jewett* v. *Jewett,* 200 Mass. 310, 317. *Gatenby* v. *Morgan,* 1 Q. B. D. 685. *In re Jones* [1915] 1 Ch. 246. If the effect of the codicil is to leave the remainder intestate property after the life estate of Francis Leeds, it results that the title to the funds in trust, subject to the life estate, vested at the death of the testator in his only heir at law, Maria A. Leeds.

Considering the will as a whole and having regard to the presumed intention of the testator that Francis Leeds should take a life interest only in the funds in trust, we cannot find that the testator intended to take from his daughter property which would come to her in any contingency and to give the interest so taken to the petitioners. To warrant a finding that the father intended that his daughter should not receive under his will the property which is given her in the formal terms of the will because to do so might ultimately enlarge an estate given to another, the internal evidence of such intention afforded by an examination and consideration of the whole will must clearly establish that intention as a conclusion of fact without hesitation or conjecture. We think the petitioners have no interest in the trust funds. It results that the decree should be affirmed.

*Decree affirmed.*