WILLIAM G. THOMPSON & another, trustees, *vs.* ELIZABETH C. CLARKE & others.

Suffolk.    March 14, 15, 1928.— May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* "Heirs at law," Time of vesting.    *Trust,* Construction of instrument creating trust.    *Words,* "Heirs at law."

By his will a testator established a trust fund and directed the trustee to pay over to a nephew the whole or any part of the accumulation of the trust at any times the trustee deemed proper; and a certain part of "the said trust fund is to be divided among my heirs at law, or so much of the same as shall remain in the hands of said trustees, at the death of my said nephew." At the death of the testator, his heirs at law were a sister, a niece and four nephews, for all of whom he made provisions in the will. At the time of the nephew's death, the testator's heirs at law were a niece and nephew and two grandnephews. In three clauses of the will the testator made gifts to "his heirs at law." On a bill in equity, filed by the trustee after the nephew's death, for instructions as to the disposal of the balance remaining in his hands, it was *held,* that the words "heirs at law" were intended to designate those persons who answered that description at the time of the testator's death.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on November 26, 1927, and afterwards amended, by the trustees under the will of George O. Crocker, late of New Bedford, for instructions.

Material facts and parts of the testator's will are set forth in the opinion. The suit was reserved upon the bill and answers by *Wait*, J., for determination by the full court.

*W. G. Thompson*, for the plaintiffs, stated the case.

*A. G. Buttrick*, for the defendant Clarke.

*W. H. Dunbar*, (*H. T. Davis* with him,) for the defendant Belle W. Lawrence and another.

*C. M. Rogerson*, for Boston Safe Deposit and Trust Company, trustee.

*F. S. Moore*, of New York, for Steuart, administrator.

*F. S. Moulton*, for Old Colony Trust Company, trustee.

*R. C. Evarts*, (*J. P. Rooney* with him,) for the defendant George O. C. Lawrence and others.

SANDERSON, J. This is a bill for instructions to determine the meaning of a clause in the will of George O. Crocker who died May 24, 1887, and whose will, dated December 24, 1883, was duly allowed. The testator divided the residue of his estate into seven equal parts, giving five parts outright to four nephews and a niece, placing one of the parts in trust for his sister and one in trust for his nephew Amos.

The clause to be construed relates to the trust for the testator's nephew and is in the following language:

"10. The remaining seventh of the balance aforesaid of my property, I give, devise, and bequeath to my said executors as Trustees for my nephew Amos E. Lawrence, Junior. And I authorize and direct my said executors as such trustees to invest the said share, both the principal and the income thereof as it shall accrue; with full authority to them to sell, and to reinvest the said principal and income as often as they may deem it expedient for the interest of the trust. Whenever, and not before, they shall in their discretion be satisfied that it is safe and proper to do so, they may pay to the said Amos E. Lawrence, Junior, any part or the whole of the accumulation of said trust. If any balance of such trust fund shall be remaining in the hands of my executors as such

trustees upon the death of the said Amos E. Lawrence, Junior, then, in that event, the same shall be paid by them as follows: if he leave issue, or issue and a widow, in equal shares to said widow and issue, that is to say one half to the widow, and one half divided among his issue. And if he leave no widow, the whole to be divided among his issue. If he leave a widow and no issue, the widow is to receive twenty five thousand dollars of said trust fund, and the remainder is to be divided among my heirs at law. If he (my said nephew) leave neither widow nor issue, then the said trust fund is to be divided among my heirs at law, or so much of the same as shall remain in the hands of said trustees, at the death of my said nephew."

At the time of the testator's death a sister, two nephews and a niece (children of a deceased sister), and two sons of another deceased sister, survived him. Amos E. Lawrence, for whom provision was made in the clause above quoted, died May 6, 1927, leaving surviving him a widow and no issue. At his death those who would be heirs at law of the testator if he had lived to that time and then died are a niece and nephew, children of a deceased sister, and two grand-nephews, children of a deceased nephew.

The question to be decided is whether the testator's heirs at law are to be determined as of the date of his death or as of the date of death of Amos E. Lawrence.

In clause three of the will, the testator, after making a bequest of a sum to be used in a certain event for a hospital, provided that if the legacy were not so used within five years after the testator's death it should go to his heirs at law. In the ninth clause, establishing the trust for the testator's sister, in case the limitations therein made should fail and the trust not have been terminated, then at the sister's death this share of the property was to be distributed by the executors among the testator's heirs at law. In neither of these clauses are there controlling considerations to indicate that the testator intended that his heirs at law should not be those answering that description at his own death. His sister was one of those heirs, but that fact alone is not enough to show an intention on the part of the testator to create a

contingent interest. *Abbott* v. *Boston Safe Deposit & Trust Co.* 258 Mass. 244, 248. *Rotch* v. *Loring,* 169 Mass. 190, 200. *Ball* v. *Hopkins,* 254 Mass. 347, 350.

A stronger argument can be made in favor of postponing vesting until the death of Amos in the case of the trust for his benefit. It is contended that the intention of the testator both as to Amos and his widow would be defeated if it should be held that the estate vested at the testator's death. It is of some significance to notice that whatever meaning is given to the words "heirs at law" in clauses three and nine, the testator must have contemplated the possibility of Amos taking under those clauses as an heir, and yet he did nothing to guard against that result. Furthermore, the purpose of the trust was apparently to benefit Amos and his family if he should have one. He might become the absolute owner of the whole fund, and, if not, it would become the property of his issue and widow if they should survive him. If the estate is held to vest at the testator's death the widow of Amos gets only $25,000 from the trust fund as such. Anything in excess of that comes to her under the will of her husband.

When a person makes an outright gift to heirs he would not ordinarily be concerned with the disposition which they might make of the property. Such provisions often mean that the testator has exhausted the special limitations which he wishes to make and then lets the law take its course. *Abbott* v. *Bradstreet,* 3 Allen, 587, 593. *Whall* v. *Converse,* 146 Mass. 345, 348. *Jewett* v. *Jewett,* 200 Mass. 310, 316. The testator must have contemplated that the events upon which the estate might go to heirs under different clauses in his will would occur at different times. It is hardly probable that he could have intended three different groups when he made gifts to his heirs at law in three clauses of his will. *Rotch* v. *Rotch,* 173 Mass. 125, 130. *Welch* v. *Blanchard,* 208 Mass. 523, 526. *State Street Trust Co.* v. *Sampson,* 228 Mass. 411, 413. He uses no words clearly showing an intention that the title shall vest at the time of the death of the life tenant. If he had in mind heirs to be ascertained as of some other date than his death, he would naturally have

said so. *Boston Safe Deposit & Trust Co.* v. *Parker,* 197 Mass. 70, 73.

We construe the expression "at the death of my said nephew," at the end of the tenth clause, as modifying the expression "so much of the same as shall remain in the hands of said trustees," and not as modifying the words "my heirs at law." The words "then, in that event," in the clause under consideration, seem to refer to two unascertained facts: one, whether a balance would remain in the hands of the trustees; and the other, the time when Amos might die. If a balance should then remain in trust, the heirs would be entitled to come into possession of it. The reference seems to be to the time of distribution rather than to the time when heirs shall be ascertained. *State Street Trust Co.* v. *Sampson, supra. Dove* v. *Torr,* 128 Mass. 38, 40. The purpose of the testator to favor all of his heirs presumptive, except for such limitation as was placed upon the share for Amos, is clear. The provisions for his sister demonstrate that he placed special confidence in her. He would naturally think of his sister and the children of deceased sisters as his heirs. They should not be excluded from the class which he described by that term unless the intention to exclude them appears. The testator is presumed to use words with their ordinary meaning in the absence of anything to show that they are used in a different sense. *Turnbull* v. *Whitmore,* 218 Mass. 210, 214. "Speaking in a popular as well as in the strictly accurate sense, the word 'heirs' means those persons who inherit the property of a person at the time of his death." *State Street Trust Co.* v. *Sampson, supra.*

In the division of the residue of his estate, the testator treated his nephew and niece alike, so far as the fractional parts of the estate for the benefit of each were concerned. This resulted in a bequest of one seventh to his sister's son, who would not be an heir during the life of his mother. This sister and her son thus received two sevenths of the residue; the three children of a deceased sister three sevenths; and the two children of another sister two sevenths. If the balance passing under clause ten is held to be vested, one third was vested in the sister who survived him, and would now go to

her administrator; one third in the three children of another
deceased sister; and one third in the two children of another
deceased sister, a result which would make an equal division
of the property among the three branches of the family and
which may have some tendency to show an intention to give
vested rather than contingent interests. The same six
persons who were the testator's heirs at his death were his
heirs presumptive when the will was executed. If he had in
mind any group of individuals as his heirs it would naturally
include those whom he knew as heirs presumptive and all of
whom were beneficiaries under his will. If the interest of
heirs is contingent, the testator's sister would receive nothing,
the two surviving children of a deceased sister would receive
two thirds of the estate, and the two grandnephews, children
of a son of another deceased sister, one third — an inequality
which we should not assume the testator intended, unless in
some way that intention were indicated.

The testator had not reached the conclusion that his
nephew Amos, who was nineteen years of age when the will
was made, was or was not to receive personally the whole
of the money left in trust for him; he left the decision of that
question to the trustees, and it seems probable that he hoped
they would reach the conclusion that it was safe and proper
to pay him the whole. See *Thompson* v. *Lawrence*, 248
Mass. 119, 124, 125. Whether the income should be paid
or accumulated also depended upon the discretion of the
trustees. If they decided to pay this nephew the whole of
the fund no question as to the persons designated by "heirs
at law" could arise. This is not a case of a fixed purpose on
the part of the testator that this nephew should not in any
event share in the estate. The trustees were given discre-
tionary power "to make to the nephew an absolute payment
of the whole or a part of the fund when in the exercise of
sound judgment they think that it is safe and proper so to do,
having regard to all the factors which determine whether
he will make a wise use of the money and be able to manage
it with prudence." *Thompson* v. *Lawrence, supra.*

The court said in *Shattuck* v. *Stickney,* 211 Mass. 327, 332,
that it was "evident that the testator intended to treat alike

all his heirs, including this unmarried nephew, and that the restraint upon the nephew's power to control his one seventh portion was placed there solely for his benefit. It is also apparent that the testator regarded as this nephew's share the original fund and any income that the trustees might deem it best to withhold from him and to reinvest." Such a purpose is not inconsistent with the intention of the testator in the case at bar that Amos should be considered one of the heirs at law designated in the tenth clause of the will with such limited rights as are incident thereto. See *Cushman* v. *Arnold*, 185 Mass. 165, 169; *Ball* v. *Hopkins*, *supra*. We are of opinion that, considering the will as a whole and such circumstances as throw light on the testator's intention, he meant to designate as his heirs at law who would take under the tenth clause those who answered that description at the time of his death. The direction to pay and divide a balance which may be composed in part of accumulation of income is not of controlling signification. *Welch* v. *Blanchard, supra,* page 527. *Brown* v. *Spring,* 241 Mass. 565, 568.

The trustees are directed to pay the balance of the trust fund in their hands (the payment of the legacy of $25,000 to Belle W. Lawrence, the widow of Amos E. Lawrence, having already been made) as follows: one third to James L. Steuart, as ancillary administrator of the estate of Mary H. Stickney; one ninth to Elizabeth C. Clarke; one ninth to George O. C. Lawrence; one ninth to Belle W. Lawrence, as executrix of the will of Amos E. Lawrence; one sixth to the Boston Safe Deposit and Trust Company, as trustee under the will of William S. Stevens; and one sixth to the Old Colony Trust Company, as trustee under the will of Oliver Crocker Stevens. Costs as between solicitor and client are to be in the discretion of a single justice.

*Ordered accordingly.*